IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRADLEY M. BURTON, )
)
    Movant, ) NO. 3:08-478
) JUDGE HAYNES
)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM

Movant, Bradley M. Burton, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting claims for improper calculation of sentencing credits, inadequate notice of upward variance and ineffective assistance of counsel. Movant seeks an award of sentencing credits. The Government filed a response to Movant's motion.

Movant was indicted as a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because of his State sentence for a burglary conviction, Movant was transferred from State custody. (Case No. 3:03-cr-00113, Docket Entry Nos. 2 and 3, See also Judgment of Burglary conviction at Docket Entry No. 1, Motion to Vacate at p. 17). Although Movant was paroled on the state charge, the Marshal retained Movant in federal custody. On September 12, 2005, Movant entered his guilty plea. (Docket Entry No. 44). Movant's counsel filed a sentencing position and moved for a downward departure to ensure that Movant would receive jail credit. ( Case No. 3:03-cr-00113, Docket Entry No. 49).

On January 9, 2006, at the sentencing hearing, this Court found Movant's offense level to be 17, his criminal history category, a VI yielding an advisory guideline range of 51 to 63 months. (Docket Entry No. 53; Transcript of Sentencing Hearing at pp. 18-19). The Court

imposed a sentence of 72 months, but recommended that Movant receive credit for the time that he had served. Id. at pp. 43-44. Movant filed a timely notice of appeal and on appeal, the Sixth Circuit found the sentence to be both procedurally and substantively reasonable and affirmed his sentence. (Case No. 3:03-cr-00113, Docket Entry No. 60).

On May 9, 2008, Movant filed this pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. (Docket Entry No. 1, Motion to Vacate). Movant's motion list the following claims:

(1) The intended sentence was not properly secured and carried out;
(2) Improper and inadequate representation of counsel (Craig Fickling) for requesting a "downward departure" to receive jail credit rather than pursuing a concurrent or partially concurrent sentence;
(3) Inadequate prior notice of an "upward departure" from the guideline range; and
(4) Exhaustion of all administrative remedies in trying to have the intended sentence carried out.

Id. at pp. 1-15.

Under Rule 8 of the rules Governing Section 2255, the Court can conclude that an evidentiary hearing is unnecessary to decide these claims. Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995). Upon review of Movant's claims and the relevant law, the Court deems an evidentiary hearing unnecessary.

As to Movant's claims of denial of sentencing credits, the Bureau of Prisons must initially decide any award of sentence credit. United States v. Wilson, 503 U.S. 328, 335 (1992). Eighteen U.S.C § 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences:

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the

commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). "[T]he district court cannot determine the amount of the credit [for time served] at sentencing." Wilson, 503 U.S. at 335.

Here, the Court only "recommended" credit for time served be granted. (Docket Entry No. 53, Case No. 3:03-cr-00113, Transcript of Sentencing Hearing at pp. 43-44). Under Section 3585(b), Movant must first exhaust his administrative remedies within the Bureau of Prisons ("BOP") before a Court can consider this claim. Wilson, 503 U.S. at 335-36. BOP has an administrative review of computation of sentence credits as set forth in 28 C.F.R. § 542.10-542.16 (1997). Once Movant exhausts his administrative remedies, any further challenge to any computation of a jail credit must be file under 28 U.S.C. §2241, Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); and in the district where Movant is incarcerated. Rumsfeld v. Padilla, 124 S.Ct. 2711 (2004).

As to Movant's claim for an improper "upward departure," in Irizarry v. United States, 128 S.Ct. 2198, 2202 (2008), the Supreme Court explained that Burns v. United States, 501 U.S. 129 (1991) requiring notice of a possible upward sentence, no longer applies because the guidelines are advisory, notmandatory. "[T]here is no longer a limit comparable to the one as issue in Burns on the variances from Guidelines ranges that a District Court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)." Id. at 2203. Thus, Movant's claim of "inadequate prior notice" fails as a matter of law both as an independent claim as well as a subpart of Movant's ineffective assistance of counsel claim for counsel's failure to present this issue on appeal.

3

As to Movant's remaining ineffective assistance of counsel claim, Movant alleges that his counsel was ineffective (1) for requesting a downward departure instead of seeking a concurrent or partially concurrent sentence and (2) that his counsel's failed to appeal the inadequate notice of an upward departure. This Court denied Movant's motion for downward departure.

For his ineffective assistance of counsel claim, Movant must prove that his "counsel made error so serious that counsel was not functioning as the counsel guaranteed by the Sixth Circuit Amendment and that the deficient performance prejudiced the defense [and] deprived the defendant of a fair trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." Id. Movant has not alleged that but for his attorney's failure to ask for a concurrent sentence, he would not have pled guilty and would have insisted upon a trial. In any event, a defense attorney's alleged failures to argue for a different kind of sentence are not grounds for relief under Section 2255. Jenkins v. United States, 394 F.3d 407, 410-11 (6th Cir. 2005) (rejecting claims that counsel failure to argue that imposition of consecutive improper sentence); Foster v. United States, 1995 WL 613733, *1 (6th Cir. 1995)(counsel was not ineffective for not filing a post-conviction motion challenging Movant's consecutive sentence). T

Thus, Movant's counsel's cited failure to request a concurrent sentence was neither ineffective or prejudicial. In addition, counsel's failure to appeal the notice issue on the alleged upward departure was not prejudicial.
4

For these above reasons, Movant's motion to vacate should be denied and his claims for sentence credits will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order is filed herewith.

**ENTERED** this the _2d_ day of July, 2009.

_____
WILLIAM J. HAYNES, JR.
United States District Judge